**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION**

| | |
|---|---|
| **CASSANDRA BARNES,** | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| vs. | ) Case No. 2:10-CV-01468-JEO |
| | ) |
| **CITY OF ADAMSVILLE,** | ) |
| | ) |
| Respondents. | ) |

## ORDER

On February 23, 2011, the magistrate judge filed his report and recommendation (Doc. #24) in the above-styled cause, recommending (1) that Defendants' motion to dismiss (Doc. # 16) be granted as to Plaintiff's claims for race discrimination under 42 U.S.C. § 1981 (Count I) and sex discrimination under the "Sex Discrimination Act of 1975" (Count IV), and denied as to the plaintiff's claims for age discrimination under 29 U.S.C. §§ 621-34 (Count II), disability discrimination under Title I of the ADA, 42 U.S.C. §§ 12101, et seq. (Count III), and retaliation under Title VII (Count V); and (2) that Defendants' motion to have the motion to dismiss be deemed granted (Doc. # 18) be denied. No objections have been filed.

Having now carefully reviewed and considered *de novo* all the materials in the court file, including the report and recommendation, the court hereby **ADOPTS** and **APPROVES** the findings and recommendation of the magistrate judge as the findings and conclusions of the court. Therefore, it is **ORDERED**, **ADJUDGED** and **DECREED** as follows:

1.  Defendants' motion to dismiss (Doc. # 16) is **GRANTED IN PART AND DENIED IN PART**. The motion (Doc. # 16) is **GRANTED** as to Plaintiff's claims for race discrimination

under 42 U.S.C. § 1981 (Count I) and sex discrimination under the "Sex Discrimination Act of 1975" (Count IV), and **DENIED** as to the plaintiff's claims for age discrimination under 29 U.S.C. §§ 621-34 (Count II), disability discrimination under Title I of the ADA, 42 U.S.C. §§ 12101, et seq. (Count III), and retaliation under Title VII (Count V).

    2.    The motion to have the motion to dismiss be deemed granted (Doc. # 18) is **DENIED**.

    3.    Although certainly dismissal of Plaintiff's § 1981 claim and Sex Discrimination Act of 1975 claim is appropriate, a review of the Report and Recommendation and the underlying record leads the court to understand that the dismissal of those claims is due to her counsel's inartful pleading and that she should not be penalized at this juncture for her counsel's failure to properly title[1] her claims in the Amended Complaint. In light of that, the court believes that Plaintiff's counsel should be allowed a further opportunity to properly re-plead her claims.

The "Jurisdiction" paragraph in Plaintiff's Amended Complaint makes clear that Plaintiff intended to pursue various claims under Title VII, which prohibits, among other things, race and sex discrimination. (Doc. # 8). Plaintiff's EEOC charge, a prerequisite to her Title VII claims and a document that was presumably served on Defendant before suit was filed, raises claims of race, sex, age and disability discrimination under Title VII of the Civil Rights Act of 1964. (Doc. # 16-1). Yet when Plaintiff's counsel drafted Plaintiff's Amended Complaint, he placed a title on Plaintiff's race

---

[1] To be clear, as discussed more fully below, it is the *titles* Plaintiff's counsel employed in Counts I and IV (referencing 42 U.S.C. § 1981 and the Sex Discrimination Act of 1975) that were off the mark.

discrimination claim which indicates that the claim is only brought under 42 U.S.C. § 1981.[2] Similarly, he placed a title on Plaintiff's sex discrimination claim that indicates that the claim is only brought under a statute not enforceable in this country. Admittedly, this pleading is shoddy at best. However, both the race and sex discrimination claims were also available to Plaintiff under Title VII. Because this matter is before the court on a Motion to Dismiss pursuant to Rule 12(b)(6), the court determines that the best course of action is to allow Plaintiff's counsel one more opportunity to draft a complaint which properly states Plaintiff's remaining claims under all theories available to her.

If Plaintiff intends to pursue her race and sex discrimination claims under Title VII or § 1983, on or before April 18, 2011, Plaintiff **SHALL** file and amended complaint properly pleading those claims.

**DONE** and **ORDERED** this   30th   day of March, 2011.

                                                      **R. DAVID PROCTOR**
                                                      UNITED STATES DISTRICT JUDGE

---

[2] As properly noted by the Magistrate Judge, § 1983 constitutes the exclusive remedy against state actors for violations of the rights contained in § 1981. (Doc. # 24 at 9). However, Plaintiff failed to mention § 1983 in the "Jurisdiction" paragraph of her Amended Complaint. (Doc. # 8).